# Brown *v.* Axford, Appellant.

*Principal and agent—Brokers—Stockbrokers—Failure to fulfill order to sell—Case for jury.*

In an action by a stockbroker against his customer to recover a balance of account, where the customer alleges the broker had failed to sell stocks upon an order when such sale would have resulted in an amount in excess of the claim in suit, and such allegation is denied, the case is for the jury, and a judgment on a verdict for plaintiff for the full amount of his claim will be sustained.

Argued April 23, 1925.    Appeal, No. 287, Jan. T., 1925, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1921, No. 6975, on verdict for plaintiff, in case of Champ C. Brown, trading as Champ C. Brown & Company, v. Edward Axford.    Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Assumpsit on balance of book-account.    Before GORDON, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,973.02.    Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Francis J. McCarthy,* with him *J. Washington Logue,* for appellant.

*Howard Lewis Fussell,* for appellee.

PER CURIAM, May 11, 1925:

Plaintiff, a stockbroker, sued to recover from defendant the sum of $3,973.02, balance due on a book-account for corporation stocks and securities purchased and sold

for defendant's account at his request. The affidavit of defense admitted the purchases mentioned in the statement of claim and set up as a defense instructions to plaintiff to sell the stocks and securities standing in his name at a time when a profit of $128.92 would have resulted to defendant, which instructions plaintiff neglected to follow, causing a loss to defendant in the amount sued for. At the trial in the court below a verdict was rendered in plaintiff's favor and defendant appealed from the judgment entered thereon.

Defendant admittedly was engaged in buying and selling stocks and other securities through plaintiff on a marginal account and the sole question raised by the pleadings was whether or not defendant instructed plaintiff to dispose of his holdings at a time when he would have sustained no loss. If such order was given and not complied with by plaintiff no recovery could be had here; that such instruction was not given was earnestly contended by plaintiff. The testimony bearing on these questions was conflicting and consequently for the jury. An examination of the charge of the trial judge shows the case was placed before the jury in as favorable a light to defendant as he was entitled to have it. We have carefully examined the testimony of the various witnesses in connection with the instructions of the court and see no reason for disturbing the verdict.

Judgment affirmed.